Stephen M. Fishback (State Bar No. 191646)
sfishback@kfjlegal.com
Farid Zakaria (State Bar No. 280283)
fzakaria@kfjlegal.com
KELLER, FISHBACK & JACKSON LLP
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301
Telephone: 818.342.7442
Facsimile: 818.342.7616

Attorneys for Plaintiff Metal Jeans, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| METAL JEANS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>METAL NOIR, LLC; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Trademark Infringement**<br>**2. Federal Unfair Competition and False Designation of Origin/Description**<br>**3. False Advertising**<br>**4. Common and Statutory Law Trademark Infringement**<br>**5. Common and Statutory Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff Metal Jeans, Inc. ("Metal Jeans") brings this action to enjoin Metal Noir, LLC's ("Metal Noir" or "Defendant") unauthorized use of Metal Jeans, Inc.'s ("Metal Jeans" or "Plaintiff") METAL® trademark. Metal Jeans seeks permanent injunctive relief and damages under the laws of the United States and the State of California and alleges on knowledge as to itself and its own acts, and on information and belief as to all other matters, as follows:

## INTRODUCTION

2. Plaintiff Metal Jeans is the registrant of the registered trademark, "METAL®." Plaintiff markets and sells clothing and related accessories under the METAL® mark. Metal Noir is improperly seeking to benefit from Plaintiff's substantial investment in the METAL® mark by selling clothing under the offensive variation of that mark, "Metal Noir." Metal Noir seeks to trade off of the reputation the METAL® mark has come to enjoy among consumers, and consumers are being misled and confused. This action seeks damages for the harm Metal Noir has caused.

## THE PARTIES

3. Plaintiff Metal Jeans is, and at all times relevant herein, was a corporation validly formed and existing under the laws of the State of Nevada. Plaintiff is qualified to do business and doing business within the State of California with its principal place of business in the State of California.

4. Plaintiff is informed and believes and on that basis alleges that defendant Metal Noir is, and at all times relevant herein, was a corporation, organized and existing under the laws of the State of California, was qualified to do business and was doing business within the State of California with its principal place of business in Encino, California.

5. Plaintiff is unaware of the true identity and capacity of each of the defendants named herein as Does 1 through 10, inclusive. Plaintiff will seek to amend this Complaint to state the names and capacities of said Doe defendants when

ascertained. Plaintiff is informed and believes and on that basis alleges that each of said Doe defendants was responsible for and contributed to the acts hereinafter alleged and that Plaintiff's damages were proximately caused by the acts and omissions of said fictitious defendants.

6. Plaintiff is informed and believes and on that basis alleges that, in engaging in the acts hereinafter alleged, each of the defendants was the agent, servant and employee of each of the other defendants, and performed each of the acts hereinafter alleged within the course and scope of such agency and employment and with the knowledge, consent, approval, authorization, and ratification of each other defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, 15 U.S.C. § 1116 and 1125, and 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct business in California, is doing business in California, is registered with the California Secretary of State, and maintains a registered agent in Encino, California. Alternatively, Defendant is engaged in systematic and continuous business activity in California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California consumer market through the promotion, marketing, distribution, and sale of consumer goods. This purposeful availment renders the exercise of jurisdiction by this Court over Defendant appropriate under traditional notions of fair play and substantial justice.

9. Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and Metal Noir resides in this judicial district for purposes of 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

10. Plaintiff has been selling clothing and related accessories under the METAL® mark for in excess of twenty years. The METAL® mark is the subject of

a federally registered trademark issued by the United States Patent and Trademark Office under registration number 4299652 and under serial number 77653054.

11. Plaintiff has spent substantial time, effort, and money advertising and promoting the METAL® mark throughout the United States.

12. Defendant Metal Noir has sought to improperly capitalize on Plaintiff's investment in the creation and positive reputation of the METAL® mark. Specifically, Defendant Metal Noir manufactures and sells clothing under the name "Metal Noir." Inclusion of the word "Noir" does little to distinguish Defendant's mark from Plaintiff's, and Defendant's mark is so similar to Plaintiff's METAL® mark that consumers who hear, read, or see it will instantly think of Plaintiff's METAL® mark.

13. Plaintiff is informed and believes and thereupon alleges that Defendant chose to use the "Metal Noir" mark with the intent and purpose of trading off of the goodwill that Plaintiff's METAL® trademark currently enjoys and/or misleading and confusing consumers. As a result, Plaintiff's reputation is being tarnished and the value and distinctiveness of Plaintiff's METAL® trademark is being diminished. Plaintiff is informed and believes and thereupon alleges that, absent the intervention of this Court, Defendant's illegal actions will continue, and Plaintiff and consumers will continue to be harmed.

## **FIRST CAUSE OF ACTION**

**(Trademark Infringement under 15 U.S.C. Section 1114(1))**

14. Plaintiff realleges and incorporates all allegations in this Complaint as if fully set forth herein.

15. The United States Patent and Trademark Office has granted federal trademark registration to Plaintiff's METAL® mark. A copy of this registration is attached hereto as Exhibit "A." Plaintiff owns the exclusive trademark rights and privileges in and to Plaintiff's METAL® mark in the United States. Plaintiff uses the METAL® mark as a designation of source and quality for its goods and services.

Plaintiff uses the registration symbol "®" on its goods and in advertising associated with Plaintiff's METAL® mark.

16. Defendants are using a copy or colorable imitation of Plaintiff's METAL® mark in a manner that is likely to confuse, deceive and/or cause mistake among consumers and therefore are infringing Plaintiff's rights in its METAL® mark in violation of 15 U.S.C. Section 1114(1).

17. Plaintiff has no adequate remedy at law for Defendants' infringement of Plaintiff's METAL® mark, in that: (i) Plaintiff's METAL® is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Plaintiff's reputation and goodwill; and (iv) the damage resulting to Plaintiff from Defendants' wrongful conduct, and the conduct itself, are continuing, and Plaintiff would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

18. Unless restrained, Defendants' infringement of Plaintiff's METAL® mark will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents, employees and others acting in concert with them, from directly or indirectly infringing Plaintiff's METAL® mark in any manner, including by using any name, mark, design or logo that is confusingly similar to Plaintiff's METAL® mark in connection with the sale, offer for sale, advertising, or promotion of any clothing or related goods.

19. Plaintiff is further entitled to recover damages sustained in consequence of Defendants' wrongful conduct, in an amount to be determined; to recover Defendants' profits; and to recover Plaintiff's attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful nature of Defendants' conduct, Plaintiff is further entitled to recover treble the amount found

as actual damages pursuant to 15 U.S.C. Section 1117.

## SECOND CAUSE OF ACTION

**(Federal Unfair Competition and False Designation of Origin/Description under 15 U.S.C. Section 1125(a))**

20. Plaintiff realleges and incorporates all allegations in this Complaint as if fully set forth herein.

21. The acts of Defendants alleged herein, including their use of the "Metal Noir" mark, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' products with Plaintiff's, or as to the sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff. Defendants' actions further misrepresent the nature, characteristics or qualities of Defendants' goods, services, or commercial activities.

22. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct of Defendants, in that: (i) Defendants' actions damage and threaten to continue to damage Plaintiff's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff from Defendants' wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Defendants injure and threaten to continue to injure Plaintiff's reputation and goodwill; and (iv) the damage resulting to Plaintiff from Defendants' wrongful conduct, and the conduct itself, are continuing, and Plaintiff would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

23. Unless restrained, the foregoing wrongful acts of Defendants will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendants and their agents, employees, and others acting in concert with them, from directly or indirectly:

(i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product which tends to relate or connect such product in any way to Plaintiff or to any goods and services offered, provided, sold, manufactured, sponsored, or approved by, or connected with Plaintiff; (ii) using any mark that is confusingly similar to Plaintiff's METAL® mark; and/or (iii) making any false description or representation of origin concerning any goods offered for sale by Defendants.

24. Plaintiff is further entitled to recover damages in consequence of Defendants' wrongful conduct, in an amount to be determined, and to recover their attorneys' fees and costs herein.

25. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendants which constitute false designation of origin and unfair competition in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. Section 1125(a).

26. Upon information and belief the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake, or deception.

27. As a proximate result of the acts of Defendants alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

## THIRD CAUSE OF ACTION

**(False Advertising under 15 U.S.C. § 1125(a))**

28. Plaintiff specifically realleges and incorporates by reference each and every allegation set forth above.

29. Defendants use the "Metal Noir" mark in connection with, and in commercial advertising or promotion of, their products. Defendants' use of the "Metal Noir" mark constitutes a false advertisement that misrepresents the nature, characteristics and qualities of Defendants' products or has a tendency to deceive a

substantial segment of consumers into believing that Defendants' products have the nature, characteristics, and/or qualities of Plaintiff's products. This deception is likely to influence consumers' purchasing decisions about Defendants' products, thereby diverting revenues from Plaintiff to Defendants. Defendants' use is also likely to lessen the goodwill associated with Plaintiff's products.

30. Defendants' wrongful activities have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a lessening of the goodwill associated with Plaintiff's METAL® mark and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116 restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the METAL® mark or any colorable imitation thereof.

31. Pursuant to 15 U.S.C. § 1117, Plaintiff is also entitled to recover (i) Defendants' profits, (ii) Plaintiff's ascertainable damages, and (iii) Plaintiff's costs of suit. Defendants' willful use of Plaintiff's METAL® mark without excuse or justification renders this an exceptional case and entitles Plaintiff to its reasonable attorney fees.

## FOURTH CAUSE OF ACTION

### (Common and Statutory Law Trademark Infringement)

32. Plaintiff realleges and incorporates all allegations in this Complaint as if fully set forth herein.

33. The fourth cause of action of this Complaint is based on the doctrine of supplemental jurisdiction because the claim asserted herein is ancillary to the federal claims set forth in the first, second, and third causes of action above and arises from the same transactions and a common nucleus of operative facts as alleged in those

causes of actions.

34. By their acts alleged herein, Defendants have engaged in trademark infringement under the common and statutory law of the State of California, California Business and Professions Code §§ 14402, *et seq*.

35. The general consuming public of California recognizes the METAL® mark as designating Metal Jeans as the source of goods. Metal Jeans has common law trademark rights in the METAL® mark under California law.

36. Defendants have intentionally deceived the public by misrepresenting their products are in some way sponsored or authorized by Plaintiff.

37. Upon information and belief the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake, or deception.

38. Defendants' wrongful activities in the State of California have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's METAL® mark and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to permanent injunctions restraining and enjoining Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the METAL® mark or any colorable imitation thereof.

39. Plaintiff is also entitled to recover (i) Defendants' profits, (ii) Plaintiff's ascertainable damages, and (iii) Plaintiff's costs of suit. Defendants' willful use of Plaintiff's METAL® mark without excuse or justification entitles Plaintiff to its reasonable attorney fees.

///

///

///

**FIFTH CAUSE OF ACTION**

**(Common and Statutory Law Unfair Competition)**

40. Plaintiff realleges and incorporates all allegations in this Complaint as if fully set forth herein.

41. The fifth cause of action of this Complaint is based on the doctrine of supplemental jurisdiction because the claim asserted herein is ancillary to the federal claims set forth in the first, second, and third causes of action above and arises from the same transactions and a common nucleus of operative facts as alleged in those causes of actions.

42. By their acts alleged herein, Defendants have engaged in unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.

43. Defendants' acts are unlawful and/or unfair under the UCL because Defendants' use of the "Metal Noir" mark in California is likely to confuse consumers as to the source, origin, or affiliation of Defendants' products and services, to dilute the distinctiveness of Plaintiff's METAL® mark, to tarnish the image of Plaintiff's METAL® mark, to misrepresent the nature, characteristics and qualities of Defendants' goods and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendants' goods have the nature, characteristics, and/or qualities of Plaintiff's METAL® goods.

44. Defendants' acts of unfair competition in the State of California have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's METAL® mark and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedies at law. Plaintiff is entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants, employees, and all persons

acting thereunder, in concert with, or on their behalf, from using in commerce the METAL® or any colorable imitation thereof.

45. As a direct and proximate result of Defendants' statutory unfair competition, Defendants have been unjustly enriched in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their officers, agents, servants, employees and representatives and all other persons, firms or corporations in active concert or participation with them be preliminarily and thereafter permanently enjoined and restrained from:

i. using in any manner the METAL® trademark, and any colorable imitation or confusingly similar variation thereof, including, but not limited, the "Metal Noir" mark;

ii. using in any manner the METAL® trademark or the "Metal Noir" mark in connection with Defendants' goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with Plaintiff;

iii. disseminating, using or distributing in any advertising, Internet code words or titles, any other promotional materials whose appearance so resembles Plaintiff's intellectual property as to create the likelihood of confusion, mistake, or deception;

B. That Defendants, pursuant to 15 U.S.C. § 1118 be ordered to deliver up for destruction all media, packages, wrappers, receptacles, and articles in their possession bearing the "Metal Noir" mark or Plaintiff's METAL® mark or any reproduction, counterfeit, copy, or colorable

imitation thereof, and all plates, molds, matrices, and other means of making the same;

C. That Defendants account for and pay over to Plaintiff all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from the sale and distribution of their products in connection with the unauthorized use of the "Metal Noir" mark or Plaintiff's METAL® mark, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

D. That Plaintiff recover its damages sustained as a result of Defendants' unfair competition and infringement of Plaintiff's trademark;

E. That Plaintiff be awarded treble damages together with its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

F. That Plaintiff be awarded exemplary and punitive damages as may be permitted by law or in the discretion of the Court;

G. That Plaintiff recover the costs of this action;

H. That Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: April 10, 2015

**KELLER, FISHBACK & JACKSON LLP**

By: ______________________________

Stephen M. Fishback (State Bar No. 191646)
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301
Telephone: 818.342.7442
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff Metal Jeans respectfully requests a jury trial on all issues triable thereby.

Dated: April 10, 2015

**KELLER, FISHBACK & JACKSON LLP**

By:______________________________

Stephen M. Fishback (State Bar No. 191646)
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301
Telephone: 818.342.7442
Attorneys for Plaintiff