JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAL JEANS, INC., | Case No. CV 15-3996 FMO (PJWx) |
| Plaintiff, | |
| v. | **JUDGMENT** |
| METAL NOIR, LLC, | |
| Defendant. | |

Pursuant to the court's Order Re: Plaintiff's Application for Default Judgment, IT IS ADJUDGED that:

1. Default Judgment shall be entered in favor of plaintiff Metal Jeans, Inc. ("plaintiff") and against defendant Metal Noir, LLC ("defendant") in the total amount of $7,815.90, consisting of $6,938.10 in fees and $877.80 in costs, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

2. Defendant and its officers, agents, servants, employees and representatives and all persons, firms or corporations in active concert or participation with any of the foregoing, are hereby enjoined from:

    a. using plaintiff's METAL® mark, and any colorable imitation or confusingly similar variation of the mark, including the "Metal Noir" mark, in connection with high-end women's

1 casual wear clothing in the United States;

2     b. using the mark, name, or designation "Metal Noir" in connection with Metal Noir, LLC's high-end women's casual wear in such manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by, approved by, or in some way associated with Metal Jeans, Inc.;

    c. using any false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Metal Noir, LLC's high-end women's casual wear are in any way associated or affiliated or connected with, or related to Metal Jeans, Inc. or Metal Jeans, Inc.'s goods or services;

    d. disseminating, using or distributing in any advertising, Internet code words or titles, any promotional materials regarding high-end women's casual wear whose appearance so resembles plaintiff's METAL® mark as to create the likelihood of confusion, mistake, or deception; and

    e. assisting, aiding, or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs (a) through (d) above.

3. Plaintiff shall serve defendant with a copy of this Judgment in such a manner as to make it operative in any future proceedings.

Dated this 24th day of October, 2016.

                                                          /s/
                                       Fernando M. Olguin
                                    United States District Judge